FEAN ET AL., D. B. A. WM. FEAN & CO., v. THE ALA-
BAMA GREAT SOUTHERN RD. CO.

*Railroads—Duty to furnish suitable but not perfect car for
particular shipment—Carrier not insurer against inherent
vices in perishable goods—Question for jury—Defective car
and improper refrigeration of strawberry shipment—
Prima facie liability established by receipt in good con-
dition and deteriorated delivery—Charge not erroneous as
removing common law liability or confusing burden of
proof—Evidence—Government certificate of car inspection
not conclusive of statements therein—Refusal of special
request to charge not error—Instruction that tariffs in-
troduced in evidence were part of contract—Subject-matter
requested otherwise covered.*

1. Carrier, though under duty to furnish car to shipper on
   demand which was suitable and safe for carriage of par-
   ticular kind of commodity to be shipped, was not obliged
   to furnish car perfect in all its parts for shipment of
   strawberries.
2. Carrier of perishable goods is not an insurer as against in-
   herent vices in commodities or against fault on part of
   shipper.
3. In action against carrier for damages to strawberries
   shipped, tried on theory that car was defective and re-
   frigeration improper, questions as to defect in car and
   proper refrigeration *held* properly submitted to jury.
4. In action against carrier for damages to strawberries,
   pleaded and tried on theory that car was defective and
   refrigeration improper, charge that, in absence of finding
   of improper refrigeration or defective condition of car,
   carrier would not be liable, *held* proper under pleadings
   and evidence.
5. In action against carrier for damages to strawberries in
   transit, charge that proof of good condition of straw-
   berries at time of delivery of shipment and of deteriorated
   condition at time of delivery to shipper at destination
   would make *prima facie* case of carrier's liability, which
   carrier must produce proof to overcome, *held* not erroneous

as removing common law liability of carrier as insurer or as confusing issue of burden of proof.

6. Shipper, who proves that perishable goods delivered to carrier in good condition for shipment were delivered at place of destination in deteriorated condition, makes out *prima facie* case of carrier's liability.

7. United States government certificate of inspection report on car *held* not conclusive as to statements contained therein in action against carrier for damages to strawberries in transit.

8. In action against carrier for damages to strawberries in transit, refusal of requested instruction that tariffs introduced in evidence were part of contract of carriage binding carrier, *held* not error, where no specific matter in tariffs was referred to, and where pertinent matters therein were fully covered in charge.

9. Refusal of instructions is proper, when requested after the general charge, where matter requested to be charged is otherwise covered.

(Decided April 14, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hightower, O'Brien & Porter,* for plaintiffs in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

HAMILTON, P. J.    Plaintiffs in error, plaintiffs below, filed their petition in the court of common pleas of Hamilton county, Ohio, alleging, in substance, that on April 13, 1925, there was delivered to the defendant at York, Ala., a car F. G. E.-41703, containing 252 crates of berries, consigned to Cincinnati, and afterwards reconsigned to the plaintiffs at Columbus, Ohio; that said shipment, upon delivery to the defendant, was in a good, sound,

and merchantable condition; that upon delivery at destination it was in a damaged and deteriorated condition, due to delay, defective equipment, and improper refrigeration.

There was no evidence of delay, and this charge of negligence was abandoned at the trial.

The plaintiffs alleged damage in the sum of $565.15, for which sum they asked judgment.

The defendant, defendant in error here, filed an answer to the plaintiffs' petition, admitting the partnership of the plaintiffs, the corporate existence of the defendant, and that it was a common carrier for hire, admitted that it received at York, Ala., car F. G. E.-41703, containing strawberries, consigned to Cincinnati, and reconsigned to the plaintiffs at Columbus, Ohio, and denied generally the allegations of the petition, not admitted.

Defendant further answered that, if the strawberries, on arrival, were in a damaged or deteriorated condition, that condition was due entirely to the inherent vice of the commodity, and not to any negligence on its part.

The case was tried to the jury, and judgment rendered for the defendant. Plaintiffs prosecute error to this court to reverse that judgment.

The inspection certificate, introduced at the trial, found that the damage was due to decay in rhizopus rot; and plaintiffs introduced evidence tending to show that the car was defective and that there was improper refrigeration.

Defendant introduced counter evidence on these two propositions, and evidence tending to show it to be free from fault and that the damage was due to the inherent vice of the commodity; intro-

duced evidence tending to establish that the shipper was at fault, in the delay in loading the car, and that some of the berries had been picked prior to the arrival of the car, and were overripe when loaded.

No point is made as to the weight of the evidence.

The questions of error presented are of law, relating to the refusal to give special charge requested by the plaintiffs, errors in the general charge, and refusal to give some special charges requested at the close of the general charge.

The special charge requested by plaintiffs, and which was refused by the trial court, is:

"I charge you that it is the duty of the common carrier to supply cars that are suitable and safe for the particular kind of commodity undertaken to be conveyed, which implies not only that it must be of a type so constructed as to be able to encounter the ordinary risks of transportation, but also must be perfect in all its parts."

Plaintiffs in error argue that they were entitled to have this special charge given and cite as authority the case of *Wilson & Co.* v. *Hines,* 123 Wash., 643, 213 P., 5. The vice in this charge is, as we see it, in the last clause, "but also must be perfect in all its parts." We have examined the authorities, which are many, on the question of furnishing suitable cars, and have also examined the text works on the subject, but we have not found where the clause referred to has ever been used, except in the case of *Wilson & Co.* v. *Hines, supra.* If the court, in the case of *Wilson & Co.* v. *Hines,* intended to pronounce a general rule of law, it is clearly out of harmony with all the authorities.

The rule is that it is the duty of the carrier to furnish cars to a shipper when the same are demanded, and that the cars supplied must be suitable and safe for the carriage of the particular kind of commodity undertaken to be conveyed. 4 Ruling Case Law, p. 682, Section 156. It was therefore not incumbent upon the carrier, the defendant in error, to furnish a car "perfect in all its parts." Its duty was to furnish a car suitable and safe for the carriage of the berries in question.

The court was not in error in refusing the special charge.

It is next contended by plaintiffs in error that the court's charge in several particulars limited the common law liability of the carrier as insurer; that under the common law rule the defendant could only excuse a default when occasioned by the act of God or the public enemy.

An examination of the authorities leads to the conclusion that the rule of liability on the part of the carrier does not go to the extent of insurer in the carrying of perishables. In the case of *American Express Co.* v. *Smith,* 33 Ohio St., 511, 31 Am. Rep., 561, the second paragraph of the syllabus is:

"A common carrier is not responsible for a loss of perishable property when that loss arises from the nature of the property itself."

In 10 Corpus Juris, Section 129, p. 110, the rule is stated as follows:

"However, in the fuller development of the rule of carrier's liability, it has been held that he is not liable for loss or damage due to the intrinsic qualities of the goods carried, * * * and therefore the rule might now be more fully stated as

being that the common carrier is liable for all loss or injury not due to the act of God or the public enemy, the inherent nature or qualities of the goods, or the act or fault of the owner or shipper, it being understood that as to all of these excepted cases the carrier may be liable by reason of his own negligence or that of his agents, servants, or employes.''

While the applicability of the language used in the charge defining negligence and ordinary care in abstract general terms may be questioned, it does appear that the court gave the jury the proper rule of law applicable to the issues in this case.

The case was tried on the theory of the plaintiffs and the allegations of the petition that the car was defective, and that there was improper refrigeration, and these questions were properly submitted by the court. The court charged the jury that, if the carrier failed in either or both particulars, it would be liable to the plaintiffs for damage occasioned thereby.

It is complained that the court erred in charging the jury that if it found that there was no improper refrigeration or defective condition in the car when the shipment was made there would be no liability on the part of the railway company.

Since the carrier was not an insurer as against any inherent vice in the commodity, nor against fault on the part of the shipper, this charge was proper under the pleadings and the evidence in the case.

In the absence of delay, improper refrigeration, or defective condition of the car, the fault would necessarily be in the perishable nature of the goods or the conduct of the shipper.

Complaint is made against the charge of the court in defining the burden of proof. The court charged the jury to the effect that proof that the strawberries were in good condition at the time of delivery to the defendant company for shipment, and that they were in a deteriorated or bad condition at the time of delivery to the plaintiff, at Columbus, Ohio, would make a *prima facie* case of liability on the part of the defendant company which the defendant company must produce proof to overcome.

The chief complaint against this charge is, as against the other parts of the charge, that this removes the common law liability as insurers, and confuses the issue as to the burden of proof.

While the charge might have been more clearly presented to the jury, for the reasons heretofore stated, yet it contained the law applicable to the case, and the court did not err in giving this part of the charge.

The court included in its general charge, at the request of counsel for defendant, concerning the United States government inspection report on the car, the following:

"You are instructed that this certificate is not to be considered by you as conclusive of the statements contained therein, unless there is no other proof controverting the statements made in this certificate."

No rule of law or authority has been cited which would require the accepting of such a report as conclusive. The certificate, being under the seal of the United States of America, might have been considered by the jury as conclusive evidence, and it

was proper for the court to instruct the jury to the effect that it was not conclusive, but that the statements contained therein were rebuttable.

At the close of the general charge, the plaintiff requested the court to charge, in substance, first, that the tariffs introduced in evidence, on the part of the plaintiffs, are a part of the contract of carriage, and that the defendant railway company is bound by the tariffs introduced in evidence; second, to charge the matter contained in the plaintiffs' special request No. 1, which was properly refused; and, third, that partial decay does not ·establish injury by the act of God. These requests were submitted together, and were refused by the trial court.

With reference to the charge requested as to the tariffs introduced, the request does not specify matter in the tariffs pertinent to the case under consideration. If it was to bring before the jury the duty to properly ice, or to furnish proper equipment, those propositions were fully covered in the general charge. Other matter was not pertinent and could not have affected the case. The two other propositions requested had already been correctly passed upon by the court.

The court did not err in refusing the requests.

We find no error prejudicial to the plaintiffs in error, and the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.